STATE STREET TRUST COMPANY, Plaintiff, *v.* ALWIN C. ERNST and Others, Copartners, etc., Defendants.

Supreme Court, New York County, May, 1933.

*Platt, Taylor & Walker*, for the plaintiff.

*Wing, Lakin, Russell & Whedon* [*Thomas E. Wing* and *Burt D. Whedon* of counsel], for the defendants.

HAMMER, J. The action is in deceit. The defendants' interpretation of the complaint, which I assume to be correct without so deciding, is that, based upon a financial statement and balance sheet, plaintiff was asked by Pelz-Greenstein Co., Inc., for a time loan of $300,000. This was refused, but upon such financial statement plaintiff agreed to and did make a demand loan for the same amount, to be changed to a time loan if a certified balance sheet were furnished which would warrant and support such time loan. Defendants certified such a balance sheet, which was presented to plaintiff and relying upon it the loan was altered by plaintiff to a time loan.

Upon the ground that the above facts do not show that any damage resulted because of the alteration from demand loan to time loan, the defendant attacks the sufficiency of the complaint.

The complaint here follows the complaint in *Ultramares Corporation* v. *Touche* (255 N. Y. 170). The rule is that fraudulent misrepresentations which transmute indecision into a damaging decision connote damages. (*Continental Insurance Co.* v. *Mercadante*, 222 App. Div. 181; *Continental National Bank* v. *National Bank of Commonwealth*, 50 N. Y. 575.) It does not lie in the mouth of the cheat

or his confederate to say what the one defrauded would or would not have done, or that the innocent might not have suffered damage if the fraud had not been concocted, or no deception had been practiced. It may fairly be assumed that the one deceived would have acted for his own protection had the expected truth been told instead of the false statement given upon which reliance was placed. The rule has also been stated that " where a person within whose special province it lay to know a particular fact, has given an erroneous answer to an inquiry made with regard to it by a person desirous of ascertaining the fact for the purpose of determining his course accordingly, and has been held bound to make good the assurance he has given." ( *Ultramares Corporation* v. *Touche, supra,* 184.) While there is no presumption of damage arising from a representation proved to be false, the nature of the representation may be such that injury from acting upon it may be inferred. In the latter category it would seem is the representation here, allegedly recklessly and wantonly, made in the financial statement of a corporation certified for correctness by the defendants certified public accountants to induce action by the plaintiff bank.

The damage claimed is $197,561.27, the difference between the amount loaned and the amount received by plaintiff as dividends upon the distribution in bankruptcy of the borrowing corporation's estate. Under the facts alleged this appears to have sound support in authority. It has in effect been stated that the loss actually resulting from the fraud, and which was to be presumed within the contemplation of the defendants, was not upon the basis of any sum actually loaned at the time of the false representation, but upon the basis of the change of the loan into one for a fixed period of time, and the surrender of the demand note to the maker together with the plaintiff's right to proceed for the collection thereof. Such loss which actually resulted from the fraud it seems was the difference between the amount plaintiff had loaned upon demand and changed into a time loan upon defendants' representation and assurance, and the value to plaintiff of the loan after the fraud ceased to be operative, that is, after the failure of the company. Such value is, it appears, the total of the dividend paid in bankruptcy. (See *Smith* v. *Duffy,* 57 N. J. Law, 679; cited with approval in *Continental Insurance Co.* v. *Mercadante, supra.*)

It is clear that the damages alleged are not conjectural or speculative, and the complaint may not be dismissed upon that ground. The question of quantum of damages has been alluded to only in reasoning to the conclusion reached, and being properly a matter which should be passed upon by the trial justice, it is not here decided.

Motion is denied, with ten dollars costs to plaintiff.